■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RAY, Appellant. [628 NYS2d 274] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered November 6, 1992, convicting defendant, after a jury trial, of 5 counts of manslaughter in the second degree, 6 counts of assault in the second degree, and 9 counts of assault in the third degree and sentencing him to concurrent terms of 5 to 15 years on each manslaughter count, 2¹/₃ to 7 years on each second degree assault count, and 1 year on each third degree assault count, unanimously affirmed.

Defendant was the motorman operating a Lexington Avenue subway train that derailed and crashed north of the Union Square station in Manhattan in August of 1991. As a result of the crash, five passengers were killed and many others were seriously injured. Initially, defendant left the scene of the accident. Several hours later, he was found walking toward his girlfriend's house and agreed to accompany the police to the 13th Precinct and to answer questions. Defendant was advised of his *Miranda* rights. He stated that he understood each of his rights, did not want a lawyer, and agreed to talk to the police. Thereafter, defendant acknowledged in oral and written statements that, *inter alia*, he was an alcoholic; that he had consumed a significant amount of alcohol before and after the crash; that he had had only two and one-half hours of sleep before beginning work; that he had been dozing on and off before the crash; and that he had fallen asleep immediately before the crash.

It is well settled that issues of credibility are for the trier of fact, who has the advantage of having seen and heard the witnesses. Such determinations are "entitled to great weight" and should not be disturbed unless "manifestly erroneous or so plainly unjustified by the evidence that the interests of justice necessitate their nullification" (*People v Garafolo*, 44 AD2d 86, 88). The evidence at the suppression hearing fully supported the court's careful and well-reasoned credibility determinations as well as its conclusion that the police did not interrogate defendant after his attorney announced his presence at the precinct. Thus, the court properly denied defendant's motion to suppress his statements to the police. Concur—Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.